UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANOVER GROVE CONSUMER HOUSING
COOPERATIVE,

                Plaintiff,                           Case No: 13-13553

vs.                                          HON. AVERN COHN

BERKADIA COMMERCIAL MORTGAGE, LLC,
a/k/a BERKADIA and CAMPARK FINANCE, INC.,

                Defendant.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION (Doc. 9) AND ENTERING
JUDGMENT IN FAVOR OF PLAINTIFF AND DISMISSING
AS MOOT DEFENDANT'S MOTION TO STRIKE
SECOND AMENDED COMPLAINT (Doc. 13) AND
DENYING PLAINTIFF'S MOTION FOR LEAVE
<u>TO FILE AMENDED COMPLAINT (Doc. 16)</u>**

**I. INTRODUCTION**

This is a commercial lending case. Plaintiff Hanover Grove Consumer Housing

Cooperative (plaintiff), a non-profit housing cooperative located in Fraser, Michigan, is

suing defendant Berkadia Commercial Mortgage, LLC (defendant), a Delaware commercial

mortgage lender and servicer, for wrongfully charging plaintiff a "custodial and

administrative expense" fee associated with the discharge of two mortgages that defendant

serviced. Plaintiff intends to request certification of a class. Plaintiff says that defendant

improperly charges the same fee to all mortgages that it services.

The First Amended Class Action Complaint And Demand For Jury Trial (Doc. 4) is

in four counts, phrased by Plaintiff as follows:

Count I          Violation Of MCL 565.41 And Similar Statutes

Count II         Breach Of Mortgage Covenants

Count III        A Violation Of The Michigan Consumer Protection Act

Count IV        Injunctive Relief[1]

Now before the Court are three motions:

1)        Defendant's Motion To Dismiss (Doc. 9);

2)        Defendant's Motion To Strike Plaintiff's Second Amended Complaint, Or In
          The Alternative To Dismiss (Doc. 13);

3)        Plaintiff's Motion For Leave To File Amended Complaint (Doc. 16).

The Court held oral argument on the motions.  At the conclusion of oral argument, the Court directed plaintiff to file a supplemental paper, which plaintiff has done.  (Doc. 22).

For the reasons that follow, defendant's motion to dismiss will be denied, judgment will be entered in favor of plaintiff, plaintiff's motion for leave to file an amended complaint will be denied, and defendant's motion to strike plaintiff's second amended complaint, or in the alternative to dismiss is moot.

## II. BACKGROUND

### A.    Factual Background

The facts as alleged in plaintiff's first amended complaint follow.  On December 22, 1971, plaintiff obtained a $9,486,300.00 loan from James T. Barnes & Company ("JTB"). (Doc. 4-2).  Beginning in December, 1973, plaintiff was required to pay monthly installments of interest and principal in the amount of $58,950.83.  (*Id.*).  The balance of the loan was

---

[1] Plaintiff also filed a second amended complaint (Doc. 12), without leave of the Court, which will be addressed below.

2

due and payable on November 1, 2013.  (*Id.*).

To secure repayment of the loan, plaintiff granted a mortgage to JTB on a portion of plaintiff's development, which is part of a multi-unit residential housing development operated as a housing cooperative.  (Doc. 4-1).  Defendant serviced the loan.

Plaintiff previously obtained a loan from JTB secured by a mortgage on a seperate portion of its property.  (Doc. 4 at 3).  This was "Phase I" of plaintiff's development.[2] Defendant also serviced this loan.

Both mortgages contained a covenant that "if the Mortgagor shall pay the principal and all interest provided" in the promissory note, the note "shall be null and void."  (*Id.*).

Plaintiff prepared to pay the balance of the Phase I mortgage in 2011.  Plaintiff was advised by defendant that, in addition to the final installment payment, a $500 "custodial and administrative expense" fee would be charged by defendant.  (*Id.*).  In an e-mail to plaintiff's representative, defendant's representative explained:

The fees on the payoff statement are as follows:

* * * *

•   $500.00 Custodial and Administrative Expenses: this is a standard fee charged regardless of size of loan, location of collateral or complexity of loan documents.  This fee covers Berkadia's expenses in pulling original loan documents, preparing satisfactions, UCC termination statements, county filing fees for satisfactions, termination statements and other documents, payments to local vendors who handle the filings, faxes, mailings and all other expenses involved in the review and release of liens upon loan payoff.

(Doc. 4-3 at 2).

---

[2] The Phase I mortgage is not attached as an exhibit to plaintiff's first amended complaint.  It is not clear from the parties' papers the amount of the Phase I loan.

3

Plaintiff objected to the $500.00 custodial and administrative expense fee. (Doc. 14-2 at 2–3). The fee was subsequently paid by plaintiff's management agent, Marrs Management, but was waived and returned to plaintiff after its lawyer again objected. (*Id.* at 2).

In 2013, plaintiff sought to timely pay off the second mortgage, which would free plaintiff's property from all mortgage liens and from a restrictive regulatory agreement with the United States Department of Housing and Urban Development. (Doc. 4 at 4). Defendant gave plaintiff a Loan Maturity Statement. (Doc. 9-2 at 2). In the statement, defendant listed a $300.00 "custodial and administrative expense," reduced from the $500.00 previously charged and refunded for the Phase I mortgage. (*Id.*). Plaintiff paid the fee and the mortgage was discharged. (*Id.*). The record does not reflect that plaintiff objected to paying the fee, as it had done with the Phase I mortgage.

Some time after, plaintiff filed this case. In the complaint plaintiff expressed the intent to certify a class. Plaintiff said that the custodial and administrative expense fee defendant charged it, and "on information and belief" is charging other mortgagees, is illegal and is not contained in the mortgage documents. Plaintiff said that defendant's actions violated Mich. Comp. Laws § 565.41, which states:

> Sec. 41. (1) Within the applicable time period in section 44(2) after a mortgage has been paid or otherwise satisfied, the mortgagee or the personal representative, successor, or assign of the mortgagee shall prepare a discharge of the mortgage, file the discharge with the register of deeds for the county where the mortgaged property is located, and pay the fee for recording the discharge.

(footnote omitted).

A class has not been certified; plaintiff has not filed a motion to certify a class.

4

**B.      Procedural Background**

On August 27, 2013, plaintiff filed a first amended complaint containing the same four counts as the original complaint.  (Doc. 4).  Subsequently, on September 23, 2013, defendant made an offer of judgment to plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure.  (Doc. 9-3).  On October 8, 2013, defendant filed a motion to dismiss the first amended complaint on the grounds that the offer of judgment mooted the case. (Doc. 9).

On October 28, 2013, without leave of the Court, plaintiff filed a second amended complaint purportedly under Fed. R. Civ. P. 15(a)(1)(B), allowing amendment once as a matter of course 21 days after being served with a motion to dismiss under Rule 12(b). (Doc. 12).

Defendant filed a motion to strike plaintiff's second amended complaint, or in the alternative to dismiss.  (Doc. 13).

The motions are ready for decision.

### III. LEGAL STANDARDS

The standards governing motions to dismiss and to amend are well-known and are not repeated here.

### IV. DISCUSSION

**A.      Plaintiff's Motion For Leave To Amend**

Plaintiff filed the complaint on August 16, 2013.  Prior to serving defendant's resident agent, plaintiff filed a first amended complaint.  After defendant filed a motion to dismiss the first amended complaint, plaintiff filed a second amended complaint without leave of the Court.  Defendant says this filing was improper on the grounds that plaintiff did not seek

5

leave of the Court.  Plaintiff responds that it did not need leave of the Court to file the second amended complaint because Fed. R. Civ. P. 15(a)(1) allows it to amend its complaint once as of right *after* serving the defendant.  Thus, plaintiff says that it did not require leave of the Court to file the second amended complaint because it was the first amendment subsequent to defendant being served with the complaint and within 21 days of being served with defendant's motion to dismiss.

The Court need not resolve the parties' dispute whether plaintiff needs  leave of the Court to file the second amended complaint.  As will be explained below, the Offer of Judgment offered plaintiff all of the individual relief sought in the first amended complaint.  Therefore, judgment will be entered in favor of plaintiff consistent with the Offer of Judgment.  For these reasons, plaintiff's motion for leave to amend will be denied, defendant's motion to dismiss the first amended complaint will be denied, and defendant's motion to dismiss the second amended complaint is moot.

**B.     The Offer of Judgment Effectively Mooted Plaintiff's Claims**

**1.     Defendant's Offer Of Judgment Effectively Mooted Plaintiff's Claims**

On September 23, 2013, defendant offered plaintiff a judgment pursuant to Fed. R. Civ. P. 68.  (Doc. 9-3).  The Offer of Judgment provided plaintiff with the following relief:

a.     The full amount of plaintiff's individual damages ($328.00);

b.     Reasonable attorneys' fees to be determined by the Court;

c.     An incentive fee of $3,280.00 or such other reasonable amount as determined by the Court; and

d.     A permanent injunction prohibiting defendant or its agents from assessing an illegal custodial and administrative expense fee as a condition for discharge

6

of a mortgage.

On October 1, 2013, plaintiff rejected the Offer of Judgment. (Doc. 9-4). Plaintiff's lawyer explained that the Offer of Judgement did not have "specified terms." Moreover, plaintiff's lawyer reasoned that the Offer of Judgment did not address reimbursement to other potential class members of the fees previously charged by defendant.

### a.    Supreme Court precedent

The Supreme Court recently determined that a Rule 68 offer of judgment that satisfies a named plaintiff's requested relief prior to the certification of a class moots the plaintiff's claims for lack of a "live" case or controversy. In *Genesis Healthcare Corporation v. Symczyk*, ___ U.S. ___, 133 S.Ct. 1523 (2013), an employee, Laura Symczyk ("Symczyk"), brought an action in federal court on behalf of herself and other similarly situated employees against her employer under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.* Symczyk alleged that the employer "violated the FLSA by automatically deducting 30 minutes of time worked per shift for meal breaks for certain employees, even when the employees performed compensable work during those breaks." *Id.* at 1527. She sought statutory damages for the alleged violations. *Id.*

Simultaneously with answering Symczyk's complaint, the employer served her with an offer of judgment under Fed. R. Civ. P. 68. *Id.* The offer included $7,500 which represented alleged unpaid wages, and reasonable attorneys' fees, costs, and expenses to be determined by the court. *Id.* Symczyk did not accept the offer within 10 days and it lapsed. The district court "found that it was undisputed that no other individuals had joined [Symczyk's] suit and that the Rule 68 offer of judgment fully satisfied her individual claim." *Id.* Therefore, the district court found that the Rule 68 offer of judgment mooted Symczyk's

7

suit, and it dismissed the action for lack of subject-matter jurisdiction. *Id.*

The Court of Appeals for the Third Circuit disagreed with the district court and reversed. The court of appeals acknowledged that a Rule 68 offer of judgment generally moots a plaintiff's claim, but "[i]t explained that calculated attempts by some defendants to 'pick off' named plaintiffs with strategic Rule 68 offers before certification could short circuit the process, and, thereby, frustrate the goals of collective actions." *Id.* (citation to court of appeals' decisions omitted). The court of appeals, therefore, determined that the case "must be remanded in order to allow [Symczyk] to seek 'conditional certification' in the District Court." *Id.*

The Supreme Court reversed and reinstated the district court's decision dismissing the action for lack of subject matter jurisdiction. The Supreme Court assumed without deciding, because both the district court and court of appeals had both concluded, that the Rule 68 offer of judgment resolved completely Symczyk's individual claim. *Id.* at 1529 (citing *Baldwin v. Reese*, 541 U.S. 27, 34 (2004)). Thus, the Supreme Court concluded that, "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* Indeed, the Supreme Court reasoned that, "[w]hile the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' . . . , the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.*

### b.   Sixth Circuit precedent

In reaching its decision, the Supreme Court in *Genesis Healthcare* limited it to collective actions under the FLSA and distinguished Rule 23 class actions as

8

"fundamentally different from collective actions under the FLSA. . . ." *Id.* (citation omitted). The Sixth Circuit, however, addressed the issue in *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993). In *Brunet*, the Sixth Circuit explained that '[s]ettlement of a plaintiff's claims moots an action.' " (citations omitted). The Sixth Circuit made clear that where "the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required." *Id.* (citations omitted). *See also Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 156 (6th Cir. 2010) ("Here, *prior* to moving for class certification, the Gawrys voluntarily settled all of their claims against Countrywide, including all claims 'relating to attorneys' fees and costs of any kind or nature[.]' As a result, the Gawrys no longer have a live case or controversy and therefore cannot represent [a] putative [c]lass. . . .") (citation omitted).

In addition, the Sixth Circuit, agreeing with the Seventh Circuit, has held that an *unaccepted* offer of judgment, such as the Offer of Judgment here, can moot a case. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). In *O'Brien*, where the offer of judgment was not accepted by the plaintiff, the Sixth Circuit held that the case was moot and explained:

> We agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case. . . .
>
> We disagree, however, with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand. *See Greisz* [*v. Household Bank (Ill.), N.A.*], 176 F.3d [1012], 1015 [(7th Cir. 1999)] (barring recovery of any damages or attorney fees when the plaintiff refused an offer of judgment for the full amount of damages plus reasonable costs and attorney fees). Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case, following the lead of district courts in the Second Circuit. *See Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 160–61 (E.D.N.Y. 2003); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y.

2000).

*Id.* at 574–75.  See *also Barcey v. Family Video Movie Club, Inc.*, No. 13-10242, 2013 WL 3271036, at *2 n.1 (E.D. Mich. June 27, 2013) ("Consequently, if 'the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate. . . .").

### c.    This case

Defendant's September 23, 2013 Offer of Judgment under Rule 68 provided plaintiff with all of the individually requested relief in the first amended complaint prior to the certification of a class.  Indeed, plaintiff has not filed a motion to certify a class nor have any other parties joined plaintiff's suit.  The individual relief requested in the first amended complaint is damages, injunctive relief, and an award of an incentive fee "to named Plaintiff for having the courage to come forward and prosecute this matter."  (Doc. 4 at 12).  As detailed above, this fully satisfies all of plaintiff's individual relief.

As explained by defendant:

> Berkadia's Rule 68 Offer of Judgment offered to provide very form of individual relief Hanover sought in the First Amended Complaint.  Berkadia offered Hanover the full amount of its damages for custodial and administrative fees charged by Berkadia; an incentive fee of ten times the amount of Hanover's damages or such other reasonable amount determined by the Court; Hanover's accrued costs and reasonable attorneys' fees; and a stipulated permanent injunction prohibiting Berkadia "from assessing an illegal custodial and administrative expense fee as a condition for discharge of a mortgage," which is precisely the injunctive relief sought by Hanover in the First Amended Complaint.

(Doc. 9 at 17) (citation omitted).

Because defendant's Rule 68 Offer of Judgment covered all of plaintiff's individually requested relief, the claims effectively became moot.  Based on the precedent explained above, the Court will enter a separate judgment in favor of plaintiff and against defendant in accordance with the Offer of Judgment.

### 2.    The second amended complaint does not change the result

Plaintiff argues that the second amended complaint moots the Rule 68 Offer of Judgment because it "specifically breaks out the relief in separate wherefore clauses in each count" and adds a request for declaratory relief.  The Court disagrees.

As explained above, at the time defendant offered judgment to plaintiff for all of the individual relief requested in the first amended complaint, plaintiff's claims effectively became moot.  Thus, there was nothing for plaintiff to amend.  "In the absence of any claimant's opting in, [plaintiff]'s suit became moot when [its] individual claim became moot, because [it] lacked any personal interest in representing others in this action."  *See Genesis Healthcare*, 133 S.Ct. at 1529.  Plaintiff does not cite any cases to the contrary.

Under the Supreme Court's majority opinion in *Genesis Healthcare*, allowing a plaintiff to amend the complaint in response to a Rule 68 offer of judgment would render the offer of judgment meaningless; it would allow a plaintiff to continue to seek additional relief every time a defendant offered judgment.  As defendant states:

> The motivation for Hanover's Second Amended Complaint seems pretty clear.  Berkadia's Rule 68 offer of judgment rendered Hanover's claims moot under controlling law.  Hanover added requests for relief in the Second Amended Complaint such as a higher payout to its attorneys . . . , a higher "incentive fee" for itself . . . , and a request for a declaratory judgment that Berkadia's fees are "illegal" . . . in an effort either to get itself a better deal if Berkadia made another offer of judgment or to ward off another offer of judgment altogether.  But Hanover's empty litigation tactics are to no avail–Berkadia's offer of complete relief rendered Hanover's claims moot as of the date the offer was made.  There is no longer any case or controversy before this Court . . . and no attempt at amending the complaint can change that fact.

(Doc. 13 at 20–21) (citations omitted).[3]

---

[3] The Court is cognizant that this result may well have been different had the dissent's opinion in *Genesis Healthcare* carried the day.  *See Genesis Healthcare*, 133 S.Ct. at

11

## V. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is DENIED, plaintiff's motion for leave to file an amended complaint is DENIED, and defendant's motion to strike plaintiff's second amended complaint, or in the alternative to dismiss is DISMISSED AS MOOT. The Offer of Judgment effectively mooted plaintiff's claims. A separate judgment will be entered in favor of plaintiff and against defendant consistent with the Offer of Judgment.

Plaintiff may file within 21 days of this order a petition for costs and/or attorneys' fees. A response and reply may be filed in accordance with the local rules. If the parties stipulate to the costs and/or attorneys' fees, the stipulation must be submitted to the Court within 21 days of this order.

**SO ORDERED.**

         s/ Avern Cohn

**Dated:** <u>January 31,2014</u>        **AVERN COHN**
                                          **UNITED STATES DISTRICT JUDGE**

---

1533–34 (Kagan, J., dissenting) ("When a plaintiff rejects such an offer–however good the terms–her interest in the lawsuit remains just like what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer–like any unaccepted contract offer–is a legal nullity, with no operative effect."). However, this Court is bound by the majority's opinion in *Genesis Healthcare* and the Sixth Circuit's similar published opinion in *O'Brien*. *See, e.g.*, *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (explaining that a published Sixth Circuit opinion is controlling authority and binding on subsequent panels unless inconsistent with a decision of the United States Supreme Court requires modification of the decision). Although the Court sees Justice Kagan's dissent in *Genesis Healthcare* as the right decision, it is limited with binding Sixth Circuit precedent, which is consistent with the majority's opinion in *Genesis Healthcare*. As much as the Court may disagree with the result, it has no authority to alter the decisions in *Genesis Healthcare* and *O'Brien*.