UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANOVER GROVE CONSUMER HOUSING
COOPERATIVE,

           Plaintiff,                    Case No: 13-13553

vs.                                       HON. AVERN COHN

BERKADIA COMMERCIAL MORTGAGE, LLC,
a/k/a BERKADIA and CAMPARK FINANCE, INC.,

           Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S
<u>PETITION FOR ATTORNEY FEES (Doc. 27)</u>[1]**

## I. INTRODUCTION

This is a commercial lending case. The Court granted judgment in favor of Plaintiff under an offer of judgment made by Defendants pursuant to Fed. R. Civ. P. 68. (Doc. 24). As will be described, the offer of judgment provided Plaintiff with, among other things, "[r]easonable attorneys' fees to be determined by the Court." Now before the Court is Plaintiff's Petition For Attorney Fees (Doc. 27) seeking $54,965.24 and an enhancement of 100%. For the reasons that follow, the motion will be granted in part and denied in part.

## II. BACKGROUND

Plaintiff filed this action on August 16, 2013 claiming that Defendants unlawfully charged a $300 "custodial and administrative expense" fee when discharging Plaintiff's commercial mortgage. Plaintiff's complaint stated that it sought to certify a class; a motion

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

to certify a class was not filed.

The complaint was amended on August 27, 2013. The substantive allegations remained the same. Subsequently, on September 23, 2013, Defendants made an offer of judgment to Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offer of judgment provided plaintiff with the following relief:

    a.    The full amount of plaintiff's individual damages ($328.00);

    b.    Reasonable attorneys' fees to be determined by the Court;

    c.    An incentive fee of $3,280.00 or such other reasonable amount as determined by the Court; and

    d.    A permanent injunction prohibiting defendant or its agents from assessing an illegal custodial and administrative expense fee as a condition for discharge of a mortgage.

Plaintiff rejected the offer.

On October 8, 2013, Defendants filed a motion to dismiss the first amended complaint on the grounds that the offer of judgment mooted the case (Doc. 9). Subsequent to Defendants filing the motion to dismiss, Plaintiff filed the following:

Amended Class Action Complaint Filed Under FRCP 15(a)(1(B) And Reliance On Demand For Jury Trial (2nd Amendment) (Doc. 12);

Brief In Response To Motion To Dismiss (Doc. 14);

Plaintiff's Motion For Leave To File Amended Complaint (Doc. 16).

In addition, in response to Defendants' Motion To Strike Plaintiff's Second Amended Complaint (Doc. 13), Plaintiff filed a brief in opposition (Doc. 17).

On January 9, 2014, the Court held oral argument on the motions. The Court directed the parties to file supplemental briefs, which they did. (Docs. 22, 23).

The Court issued a memorandum denying Defendants' motion to dismiss and

entering judgment in favor of Plaintiff pursuant to the offer of judgment (Doc. 24). In so doing, the Court held that "Defendant's September 23, 2013 Offer of Judgment under Rule 68 provided plaintiff with all of the individually requested relief in the first amended complaint prior to the certification of a class." (*Id.* at 10). As a result, the Court held that at the time the offer of judgment was made, Plaintiff's claims "effectively became moot." (*Id.* at 10).

Pursuant to the offer of judgment's award of reasonable attorneys' fees as to be determined by the Court, Plaintiff seeks an award of $54,965.24 and an enhancement of 100%. The attorneys' fees Plaintiff seeks are as follows:

$31,147.50 for Carl Becker ("Becker") at $325/hour for time spent July 20, 2011 through February 3, 2014 (Doc. 27-3);

$16,225.00 for Mark Wasvary ("Wasvary") at $275/hour for time spent June 20, 2013 through January 31, 2014 (Doc. 27-4); and

$6,900.00 for Patrick Bruetsch ("Bruetsch") at $300/hour for time spent August 22, 2013 through January 31, 2014 (Doc. 29).

Plaintiff seeks an enhancement of 100% on the grounds that a benefit was achieved to third parties even though a class was never certified.

Defendants say that the amount of attorneys' fees requested by Plaintiff is unreasonable. Defendants do not challenge the hourly rate sought for the respective attorneys. However, Defendants' position is that any amount awarded to Plaintiff should be limited to an award of fees for time spent by Plaintiff's counsel prior to the offer of judgment. Anything after the offer of judgment, according to Defendants, is unreasonable because the case was mooted by the offer of judgment. In addition, Defendants say that Plaintiff has not met its burden in showing that attorneys' fees should be enhanced.

### III. LEGAL STANDARD

The offer of judgment, as explained above, provided Plaintiff with an award of reasonable attorneys' fees to be determined by the Court. District courts have broad discretion in determining the reasonableness of an hourly attorney fee. *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994)). Useful guidelines include (1) the prevailing market rate in the relevant community, *Blum v. Stenson*, 465 U.S. 886, 895 (1984), (2) an attorneys customary billing rate, *Dowling*, 320 F. App'x at 447, or (3) rates awarded in prior similar cases, *B&G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008). Here, there is no challenge to the hourly fee, but instead to whether the hours spent by the attorneys were reasonable.

### IV. ANALYSIS

**A. Plaintiff's Reasonable Attorneys' Fees Are Those Incurred Prior To The Offer Of Judgment**

Here, all the attorneys' fees incurred after the offer of judgment on September 23, 2013 are not reasonable and will not be awarded to Plaintiff. The Sixth Circuit in *Sharpe v. Cureton*, 319 F.3d 259, 276 (6th Cir. 2003) explained that, where an offer of judgment has been made under Rule 68, the only attorneys' fees that are "reasonably incurred" are those "incurred before the offer of judgment."

Plaintiff's arguments that *Sharpe* is inapposite are without merit. Plaintiff attempts to distinguish *Sharpe* for two reasons. First, Plaintiff says that Defendants sought dismissal of this action as a result of making the offer of judgment, but that the Court instead entered judgment pursuant to the terms of the offer of judgment. Therefore, Plaintiff says that it

4

ultimately prevailed in obtaining relief after the offer of judgment.  Second, Plaintiff notes that the offer of judgment included an injunction that applies to third parties.  Both of these arguments do not change the effect of *Sharpe*.  Defendants made an offer of judgment on September 23, 2013 which, as the Court has explained, effectively mooted the case.  The judgment the Court entered on January 31, 2014 provided Plaintiff with the same relief that Defendants offered in the offer of judgment, and nothing more.  Therefore, as *Sharpe* holds, the only attorneys' fees that were "reasonably incurred" are the fees incurred prior to the offer of judgment.

The fees incurred by Plaintiff prior to the offer of judgment total $11,865.00.  The breakdown per attorney is as follows:

    Becker:    $8,547.50

    Wasvary:    $2,777.50

    Bruetsch:    $540.00

**B. The Fees Charged By Becker In 2011 Are Not Reasonably Incurred In This Action**

As the Court explained in its order, the case involved Defendants' charging Plaintiff an administrative expense fee in association with the discharge of a commercial mortgage. Plaintiff brought suit in 2013 after Defendants charged a $300.00 "custodial and administrative expense" fee for discharge of the mortgage.

In addition, Defendants had on a prior occasion in 2011 charged Plaintiff a $500 "custodial and administrative expense" fee relating to the discharge of a different mortgage. After Plaintiff complained about the fee, it was returned.

Of the attorneys' fees charged by Becker, $2,145.00 were incurred in 2011 and relate to the $500 fee charged for the discharge of the first mortgage.  This fee was

5

returned to Plaintiff. Plaintiff did not file this action because of the fee charged in 2011. Plaintiff filed this action in 2013 when Defendants again charged Plaintiff a "custodial and administrative expense" fee. Therefore, the attorneys' fees incurred in 2011 are not reasonable in this action. Subtracting these fees, Plaintiff is entitled to $9,720.00.[2]

**C. The Attorneys' Fees Will Not Be Enhanced**

Plaintiff seeks a 100% enhancement on the basis that it was able to obtain an injunction benefitting all of Defendants' customers. Plaintiff is not entitled to an enhancement of its attorneys' fees.

Recently, the Supreme Court explained that enhancements may be awarded in "rare and exceptional circumstances." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) (citations and internal quotation marks omitted). The fee applicant bears the burden "of proving that an enhancement is necessary. . . ." *Id.* at 553 (citations omitted). This requires the fee applicant to "produce 'specific evidence' that supports the award." *Id.* (citation omitted).

Generally, as in this case, the lodestar method is used to determine a reasonable fee, i.e. calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An enhancement "may not be awarded based on a factor that is subsumed in the lodestar calculation." *Perdue*, 559 U.S. at 553 (citation omitted). The Sixth Circuit has said the twelve factors that may be considered in deciding whether attorneys' fees should be enhanced:

---

[2] As the Defendants do not challenge the hourly rate charged by the attorneys, the Court need not address this issue. The Court is satisfied that the failure to object to the hourly rates means they are reasonable.

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Barnes v. City of Cincinnati*, 401 F.3d 729, 745–46 (6th Cir. 2005) (citation omitted).

Here, Plaintiff has not met its burden in establishing that it is entitled to an enhancement. Plaintiff obtained an offer of judgment in the early stages of the case before having to expend a significant amount of resources. Plaintiff's entire relief was obtained through the offer of judgment prior to moving to certify a class. That the offer of judgment included injunctive relief that may affect third parties, standing alone, does not justify an enhancement of attorneys' fees. As proof that the offer of judgment benefitted third parties, Plaintiff relies on a statement made on Defendants' web page that they service "over 26,000 commercial mortgages" at any given moment. However, Plaintiff's reliance on this statement to support its contention that over 26,000 others benefitted from the injunction in this action is not "specific evidence" supporting an enhancement. *See Perdue, supra*, at 553.

## V. CONCLUSION

For the reasons stated above, Plaintiff's petition is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded attorneys' fees totaling $9,720.00.

SO ORDERED.

    S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2014

13-13553 Hanover v. Berkadia

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 15, 2014, by electronic and/or ordinary mail.

<u>S/Sakne Chami</u>
Case Manager, (313) 234-5160